UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND and its Trustees RICHARD A. BAGGIO, ROGER A. MONACO, PAUL R. HELLERMANN, JEFFREY ISAACSON, BENJAMIN JOHNSTON, J. DAVID PEPPER, JOSEPH PASTORINO, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and its Trustees RICHARD A. BAGGIO, ROGER A. MONACO, PAUL R. HELLERMANN, JEFFREY ISAACSON, TODD H. HARRIS, BENJAMIN JOHNSTON, FRANK LIBBY, J. DAVID PEPPER, JOSEPH PASTORINO, THOMAS S. RAKOW, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINING PROGRAM and its Trustees RICHARD A. BAGGIO, TODD H. HARRIS, JEFFREY ISAACSON, KEITH JUTKINS, ALBERT L. LEITSCHUH, RANDY R. MEYER, BRUCE A. NELSON, J. DAVID PEPPER, JAMES A. SIKICH and MARTIN C. UMLAUF; and LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND and its Trustees RICHARD A. BAGGIO, KENNETH BORG, JOSEPH FELDNER, J. DAVID PEPPER, and MARTIN C. UMLAUF,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST CARPENTER CONTRACTORS, INC., an Illinois corporation and DAVID CORDRAY, individually and doing business as First Carpenter Contractors, Inc.,<br><br>Defendants. | FILED: JUNE 16, 2008<br>08CV3439<br>JUDGE ZAGEL<br>MAGISTRATE JUDGE SCHENKIER<br>YM |


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND and its Trustees RICHARD A. BAGGIO, ROGER A. MONACO, PAUL R. HELLERMANN, JEFFREY ISAACSON, BENJAMIN JOHNSTON, J. DAVID PEPPER, JOSEPH PASTORINO, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and its Trustees RICHARD A. BAGGIO, ROGER A. MONACO, PAUL R. HELLERMANN, JEFFREY ISAACSON, TODD H. HARRIS, BENJAMIN JOHNSTON, FRANK LIBBY, J. DAVID PEPPER, JOSEPH PASTORINO, THOMAS S. RAKOW, MICHAEL J. SEXTON and MARTIN C. UMLAUF; CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINING PROGRAM and its Trustees RICHARD A. BAGGIO, TODD H. HARRIS, JEFFREY ISAACSON, KEITH JUTKINS, ALBERT L. LEITSCHUH, RANDY R. MEYER, BRUCE A. NELSON, J. DAVID PEPPER, JAMES A. SIKICH and MARTIN C. UMLAUF; and LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND and its Trustees RICHARD A. BAGGIO, KENNETH BORG, JOSEPH FELDNER, J. DAVID PEPPER, and MARTIN C. UMLAUF,

)))))))))))))))))))))))))))))) FILED: JUNE 16, 2008
08CV3439
JUDGE ZAGEL
MAGISTRATE JUDGE SCHENKIER
YM

Plaintiffs,

v.

FIRST CARPENTER CONTRACTORS, INC., an Illinois corporation and DAVID CORDRAY, individually and doing business as First Carpenter Contractors, Inc.,

Defendants.

## COMPLAINT

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND ("PENSION FUND"), the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE

FUND ("WELFARE FUND"), the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("TRAINEE FUND"), and the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND ("LABOR/MANAGEMENT FUND) and their respective trustees (hereinafter, collectively the "Trust Funds"), by their attorney, Kevin P. McJessy, complain of Defendants FIRST CARPENTER CONTRACTORS, INC., ("Company") and DAVID CORDRAY, individually and doing business as First Carpenter Contractors, Inc., ("Mr. Cordray"), (Company and Mr. Cordray are collectively referred to herein as "Defendants"), as follows.

## SUMMARY OF THIS ACTION

The Trust Funds bring this action against the Defendants under ERISA because the Defendants have refused to provide the books and records necessary to determine whether Defendants have complied with the obligation to contribute to the Trust Funds pursuant to the Area Agreements and the Trust Agreements. The Trust Funds seek an audit of Defendants' books and records, all contributions found owing, interest and liquidated damages, auditors' fees and attorneys' fees and costs.

## JURISDICTION

1. This Court has jurisdiction over this matter based on questions arising under § 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and § 301 of the Taft-Hartley Act. (29 U.S.C. §§ 1132 and 185).

## VENUE

2. Venue is proper in this District because the Trust Funds are multi-employer employee benefit plans, which are located in and administered in Chicago, Illinois.

## THE PARTIES

3. **The Trust Funds.** The Trust Funds receive contributions from numerous employers pursuant to Area Agreements ("Area Agreements") between the employers and the Chicago and Northeast Illinois District Council of Carpenters, successor of the Chicago District Council of Carpenters, (hereinafter referred to as the "Union"), and therefore, are multi-employer plans. (29 U.S.C. § 1002). The Trust Funds provide medical, pension, training and other benefits to Union carpenters and other persons pursuant to certain terms and conditions.

4. **Company.** Company is a dissolved Illinois corporation and employer engaged in an industry affecting commerce which entered into a Memorandum of Agreement ("Agreement") on August 11, 1994. A true and correct copy of the Agreement is attached hereto as Exhibit A. The Agreement provides that Defendants agreed to be bound by the then current Area Agreement and all subsequent Area Agreements, unless terminated by Defendants in accordance with the provisions of the Agreement and Area Agreements. Company was dissolved on February 26, 2008.

5. **Mr. Cordray.** Mr. Cordray is the president of Company. Because the Company was dissolved, Mr. Cordray, as president, is personally liable for Company's ongoing obligations.

## GENERAL ALLEGATIONS

6. The Agreement and the Area Agreements bind the Defendants to the provisions of the Trust Agreement of the Chicago District Council of the United Brotherhood of Carpenters and Joiners of America and Builders Association of Chicago ("Pension Trust Agreement") which established the Pension Fund, to the provisions of the Trust Agreement ("Welfare Trust Agreement") which established the Welfare Fund, to the provisions of the Chicago District

Council of Carpenters Apprentice and Trainee Program Trust Agreement ("Trainee Trust Agreement") which established the Trainee Fund (hereinafter collectively referred to as the "Trust Agreements"), and to the Agreement and Declaration of Trust Establishing the Labor/Management Union Carpentry Cooperation Promotion Fund which established the Labor Management Fund ("Labor/Management Trust Agreement"). The Agreement, Trust Agreements and Collective Bargaining Agreements require Defendant to pay fringe benefits to the Trust Funds.

7. The Area Agreements and Trust Agreements require Defendants to pay fringe benefits to the Trust Funds for hours worked by Union-member employees at the rate and in the manner specified in the Area Agreements and the Trust Agreements.

8. The Area Agreements and Trust Agreements required Defendants to contribute to the Trust Funds for each hour worked by Defendants' employees who perform work falling within the jurisdiction of the Union at the rate and in the manner specified in the Area Agreements and the Trust Agreements.

9. The Area Agreements and Trust Agreements required the Defendants to contribute to the Trust Funds according to the hours worked by subcontractors which are not bound by the Area Agreement but which perform work within the jurisdiction of the Union.

10. The Area Agreements and Trust Agreements require the Defendants to provide records necessary for the Trust Funds to determine whether Defendants have complied with their obligation to contribute to the Trust Funds. On or about January 8, 2008, and January 28, 2008, the Trust Funds and/or auditors retained by the Trust Funds demanded that Company submit to an audit. Company failed to produce books and records sufficient for an audit.

## COUNT I

11. The Pension Fund hereby incorporates paragraphs 1- 10 above as though fully set forth herein.

12. Defendants breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Pension Fund to audit Company's contributions to the Pension Fund after the Pension Fund demanded an audit.

13. The Area Agreements and Trust Agreements require Defendants to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension Fund incurs in the collection process.

14. The Pension Fund has complied with all conditions precedent in bringing this suit.

15. The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendants owe the Pension Fund.

16. Defendants must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

17. This Court should award the Pension Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount that is due.

18. This Court should award the Pension Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

    (a)    interest on any unpaid contributions; or

    (b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Pension Fund prays for judgment in their favor which orders Defendants, jointly and severally:

A. to provide access to its records so that the Pension Fund may conduct the audit necessary for compliance with the Area Agreements;

B. to pay any and all amounts the Pension Fund may discover to be due pursuant to the audit that they request in this action;

C. to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

D. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

E. to pay the reasonable attorneys' fees and costs the Pension Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D); and

F. to award the Pension Fund such other and further relief as the Court deems just and equitable.

## COUNT II

19. The Welfare Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

20. Company has breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Welfare Fund to audit Company's contributions to the Welfare Fund after the Welfare Fund demanded an audit.

21. The Area Agreements and Trust Agreements require Defendants to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Welfare Fund incurs in the collection process.

22. The Welfare Fund has complied with all conditions precedent in bringing this suit.

23. The Welfare Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Welfare Fund.

24. Defendants must pay attorneys' fees and court costs that the Welfare Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

25. This Court should award the Welfare Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

26. This Court should award the Welfare Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

    (a) interest on any unpaid contributions; or

    (b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Welfare Fund prays for judgment in their favor which orders Defendants, jointly and severally:

    A. to provide access to its records so that the Welfare Fund may conduct the audit necessary for compliance with the Area Agreements;

    B. to pay any and all amounts the Welfare Fund may discover to be due pursuant to the audit that they request in this action;

    C. to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

    D. to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

    E. to pay the reasonable attorneys' fees and costs the Welfare Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D); and

    F. to award the Welfare Fund such other and further relief as the Court deems just and equitable.

## COUNT III

27. The Trainee Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

28. Company breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Trainee Fund to audit Company's contributions to the Trainee Fund after the Trainee Fund demanded an audit.

7

29. The Area Agreements and Trust Agreements require Defendants to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

30. The Trainee Fund has complied with all conditions precedent in bringing this suit.

31. The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Trainee Fund.

32. Defendants must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

33. This Court should award the Trainee Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

34. This Court should award the Trainee Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

   (a)  interest on any unpaid contributions; or

   (b)  liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Trainee Fund prays for judgment in their favor which orders Defendants, jointly and severally:

   A.  to provide access to its records so that the Trainee Fund may conduct the audit necessary for compliance with the Area Agreements;

   B.  to pay any and all amounts the Trainee Fund may discover to be due pursuant to the audit that they request in this action;

   C.  to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

   D.  to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

   E.  to pay the reasonable attorneys' fees and costs the Trainee Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D); and

F.     to award the Trainee Fund such other and further relief as the Court deems just and equitable.

## COUNT IV

35. The Labor/Management Fund hereby incorporates paragraphs 1 - 10 above as though fully set forth herein.

36. Company breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Labor Management Fund to audit Company's contributions to the Labor Management Fund after the Labor Management Fund demanded an audit.

37. The Area Agreements and Trust Agreements require Defendants to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Labor/Management Fund incurs in the collection process.

38. The Labor/Management Fund has complied with all conditions precedent in bringing this suit.

39. The Labor/Management Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Labor/Management Fund.

40. Defendants must pay attorneys' fees and court costs that the Labor/Management Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

41. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

42. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

(a)     interest on any unpaid contributions; or

(b)     liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Labor/Management Fund prays for judgment in their favor which orders Defendants, jointly and severally:

    A.    to provide access to its records so that the Labor/Management Fund may conduct the audit necessary for compliance with the Area Agreements;

    B.    to pay any and all amounts the Labor/Management Fund may discover to be due pursuant to the audit that they request in this action;

    C.    to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B);

    D.    to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(C), whichever is greater;

    E.    to pay the reasonable attorneys' fees and costs the Labor/Management Fund incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D); and

    F.    to award the Labor/Management Fund such other and further relief as the Court deems just and equitable.

CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND *et al.*

By:     s/ Kevin P. McJessy
       One of their attorneys

Kevin P. McJessy
McJessy, Ching & Thompson, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@mcandt.com

# EXHIBIT A

dat/s
8-25-94

# AGREEMENT

| | | | |
|---|---|---|---|
| Firm | First Carpenter Contractors, Inc. | Address | 9589 Henninger Drive |
| City | Belvidere | State IL Zip | Phone 61008 |

THIS AGREEMENT is entered into between CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, COOK, DU PAGE, GRUNDY, IROQUOIS, KANE, KANKAKEE, KENDALL, LAKE, MC HENRY AND WILL COUNTIES, ILLINOIS hereinafter sometimes referred to as the "UNION" and

First Carpenter Contractors, Inc.

hereinafter referred to as "EMPLOYER"

The EMPLOYER and the UNION do hereby agree as follows:

1. EMPLOYER recognizes the UNION as the sole and exclusive bargaining agent for and on behalf of the employees of the EMPLOYER coming within the territorial and occupational jurisdiction of the UNION.

2. EMPLOYER agrees to be bound by the terms of the Trust Agreements of the fringe benefit trust funds to which contributions are required to be made under the Agreement referred to in numbered paragraph 3 hereof and all rules and regulation adopted by the Trustees thereof, and agrees to make prompt payments of the per hour contributions with respect to each such Trust Fund.

3. EMPLOYER and the UNION hereby incorporate by reference and agree to be bound through their respective expiration dates by each of the Area Agreements in effect on December 31, 1983 negotiated between subordinated bodies of the United Brotherhood of Carpenters and Joiners of America and certain Employers Associations in counties of Illinois which, effective, on or after January 1, 1984, make up the geographic jurisdiction of the Chicago and Northeast Illinois District Council of Carpenters.

page 1 of 2

*[signature]*
8-25-94

4. EMPLOYER and the UNION hereby agree to be bound by the Area Agreements negotiated between the Chicago and Northeast Illinois District Council of Carpenters and the various Employer Associations for the period beginning with the expiration date of the several Agreements referred to in numbered paragraph 3 thereof and ending on the expiration dates of any successor Agreements thereto from year to year thereafter unless the Employer gives written notice to the UNION of a desire to amend or terminate any of such Agreements at least three calendar months prior to the expiration of such Agreement or Agreements.

IN WITNESS WHEREOF, the parties have executed this Agreement the __11th__ day of __August__, 19 __94__.

EMPLOYER __First Carpenter Contractors, Inc.__

CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS

BY: __David Cordray, President__
(Print or Type Name)   (Title)

_Dave Cordray_
(Signature)

_Will S. [signature]_
Business Representative
William Rabinak

page 2 of 2